Stephen L. Newton (State Bar #57897) (snewton@newtonremmel.com)
Melissa A. Dubbs (State Bar #163650) (mdubbs@newtonremmel.com)
NEWTON REMMEL
A Professional Corporation
1451 Grant Road
Post Office Box 1059
Mountain View, CA  94042
Telephone: (650) 903-0500
Facsimile: (650) 967-5800

*ORDER E-FILED ON 9/18/06*

Attorneys for Plaintiff and Counter-Claim Defendant
FEDERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No: C 05-01878 JW<br><br>**STIPULATION AND PROTECTIVE ORDER RE THIRD PARTY CONFIDENTIAL DISCOVERY MATERIALS**   AND ADDENDUM TO PROTECTIVE ORDER<br><br>(MODIFIED BY THE COURT) |

WHEREAS, Plaintiff FEDERAL INSURANCE COMPANY ("Plaintiff" and/or "Federal") has subpoenaed documents from third party ATMEL CORPORATION ("Atmel"). Those documents include depositions and discovery taken in the action entitled *Atmel Corporation v. St. Paul Fire & Marine Insurance Company and Related Counterclaim*, Case No. C04-04082 SI, filed in the United States District Court for the Northern District of California, San Francisco Division (the "*Atmel Action*"). Atmel considers some or all of the information sought by Federal to be confidential and proprietary and not generally known to the public;

STIPULATION AND PROTECTIVE ORDER RE THIRD PARTY CONFIDENTIAL DISCOVERY MATERIALS - 1 -

1  WHEREAS, the disclosure of such information is subject to other Protective Orders in the *Atmel Action*;

2  WHEREAS, Atmel contends that the public disclosure of such confidential and proprietary information will result in irreparable injury to Atmel's competitive advantages and position;

3  WHEREAS, Atmel takes no position regarding the relevance of the sought materials, and seeks not to be burdened or damaged by access by the parties in this action to such materials;

4  WHEREAS, Federal Insurance seeks access to this information in connection with the above entitled action;

5  WHEREAS, counsel for all parties herein have consented to a Protective Order allowing the designation of documents and/or information produced by Atmel as "ATTORNEYS EYES ONLY – CONFIDENTIAL;"

THEREFORE, IT IS HEREBY STIPULATED that:

1. This Order shall apply to all discovery material produced by Atmel, including but not limited to that which has been designated as "ATTORNEYS EYES ONLY – CONFIDENTIAL" pursuant to this Protective Order. **(See Addendum to Protective Order)**.

2. All materials produced by Atmel shall be used solely for purposes of this litigation, and under no circumstances shall be used against Atmel. This limitation applies regardless of the designation of the materials, and the parties to this action agree to this limitation, regardless of any further modification of this Protective Order or the designation of any particular materials.

3. The term "ATTORNEYS EYES ONLY – CONFIDENTIAL" shall encompass all information contained herein in documents, deposition testimony and exhibits, and interrogatory answers produced by Atmel and which were produced in the *Atmel Action*.

4. If Atmel wishes to declare any discovery material it produces, or any portion thereof "ATTORNEYS EYES ONLY – CONFIDENTIAL," then it shall designate such

STIPULATION AND PROTECTIVE ORDER RE THIRD PARTY CONFIDENTIAL DISCOVERY MATERIALS - 2 -

material as "Outside Attorneys' Eyes Only – Confidential" by having the material designated as such by an appropriate legend that does not render any portion of the document illegible.

5. Material designated as "ATTORNEYS EYES ONLY – CONFIDENTIAL" may be disclosed solely to the following, unless the Court rules that there may be further disclosure:

    a. The parties' attorneys of record, and legal support personnel working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform work directly on this litigation;

    b. This Court, and its personnel;

    c. A party's bona fide independent experts or consultants, provided that:

        i. Such experts or consultants are not employed by, or affiliated with, a party or any competitor of the person about which the material relates regarding the subject matter of the material disclosed; and

        ii. The expert has executed a statement in the form of Exhibit A attached hereto agreeing to be bound by the terms of this Protective Order.

    d. Any court reporter employed in connection with a deposition or arbitration in this litigation;

    e. The authors, sender, addressees, and copy recipients of the ATTORNEYS EYES ONLY – CONFIDENTIAL material, or other persons who have been shown either by testimony or documentary evidence to have previously obtained the material without violation of any protective order in this or any other action;

    f. Any alternative dispute professional (e.g., arbitrator, mediator, etc.) in this case, if any, and employees and similar personnel of said individuals, provided that:

    i. The alternative dispute professional and his or her staff have executed a statement in the form of Exhibit A attached hereto agreeing to be bound by the terms of this Protective Order.

 g. Any discovery referee in this case, if any, and employees and similar personnel of said individuals;

 h. Up to four in-house employees of a party who are not engaged in any underwriting activities provided that:

    i. Each such employee executes the undertaking in the form of Exhibit A attached hereto agreeing to be bound by the terms of this Protective Order; and

    ii. Upon request counsel for the party will provide a copy of the undertaking to the party or third-party who designated the materials.

 i. Any person approved in writing, in advance of disclosure, by Atmel's in-house counsel.

These restrictions shall not impose any limit on a party to this action regarding its own confidential information, provided it is not subject to this or any other protective order.

 6. If any party wishes to disclose any material designated as "ATTORNEYS EYES ONLY – CONFIDENTIAL" to any person not described in Paragraph 5 of this Protective Order, permission must be requested from the designating party in writing. In connection with such request, the party proposing the disclosure agrees identify the materials it wishes to disclose with particularity, including but not limited to providing a copy of the materials immediately upon request. If the designating party objects to the proposed disclosure, no such disclosure shall be made unless this Court orders otherwise. Failure for the proposed person to agree to abide by the terms of this protective order by signing the undertaking in the form of Exhibit A shall constitute legitimate grounds for objection.

 7. Any person to whom "ATTORNEYS EYES ONLY – CONFIDENTIAL" material may be disclosed pursuant to Paragraph 5 (c), (d), (f), (g), (h), and (i) above shall first

STIPULATION AND PROTECTIVE ORDER RE THIRD PARTY CONFIDENTIAL DISCOVERY MATERIALS - 4 -

be shown and read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the undertaking in the form of Exhibit A. Counsel for the party obtaining the undertaking will retain the original signed agreement. Notwithstanding the foregoing, counsel, their legal staff and the parties to this action shall not be required to sign a copy of the confidentiality agreement prior to receiving any of ATTORNEYS EYES ONLY – CONFIDENTIAL Material, but shall be bound by the terms of this Protective Order by the signature of their respective counsel herein. Additionally, the Court and its personnel and persons falling within the categories set forth in Paragraph 5 shall not be required to sign a copy of the confidentiality agreement prior to receiving any ATTORNEYS EYES ONLY – CONFIDENTIAL Material.

8. If ATTORNEYS EYES ONLY – CONFIDENTIAL material is included in any derivative material such as answers to interrogatories or other written discovery, that portion of such interrogatory answers, written discovery responses, or other materials shall be marked with a legend "ATTORNEYS EYES ONLY – CONFIDENTIAL, Subject to Protective Order" and separately bound.

9. If any paper to be filed or lodged with the Court in this action in connection with a discovery motion or proceeding discloses or contains ATTORNEYS EYES ONLY – CONFIDENTIAL material, then such paper shall be ~~filed or lodged with the Court only in an~~ **submitted with a request for sealing pursuant to Civil Local Rule 79-5.** ~~envelope under seal. Except for the Court and the Court's personnel, no such sealed envelope shall be opened without an order from the Court identifying by name the person or persons who may have access to the sealed material, and specifically designating which portions of the sealed file may be revealed to them. When papers disclosing or containing ATTORNEYS EYES ONLY – CONFIDENTIAL material are filed under seal in connection with a discovery motion or proceeding, the cover of such paper shall contain the caption of this action and the following legend:~~

> ~~This envelope is filed under seal pursuant to Paragraph ___ of the Stipulation and Protective Order Re Confidentiality of Atmel Discovery Material entered on _____, 2006. This envelope contains documents that are subject to an Order governing discovery and the use of confidential discovery~~

STIPULATION AND PROTECTIVE ORDER RE THIRD PARTY CONFIDENTIAL DISCOVERY MATERIALS - 5 -

1  ~~material. Pursuant to such Order, this envelope shall not be~~
2  ~~opened nor the contents thereof displayed or revealed except by Order of the Court.~~

3  10. Other than in connection with a discovery motion or proceeding, no party may submit a paper disclosing or containing ATTORNEYS EYES ONLY – CONFIDENTIAL material to the Court prior to trial unless that party has notified Atmel. Such notification shall be completed at least fourteen (14) days prior to the submission of said paper, and shall include a copy of the relevant document to be disclosed. For purposes of this Protective Order, notice to Atmel shall take the form of overnight delivery addressed to Attn: Senior Litigation Counsel, Legal Department, Atmel Corporation, 2325 Orchard Parkway, San Jose, California 93151. The parties may agree to accept another method of notice for the purpose of this notification requirement and such notification will satisfy this requirement without leave of Court provided that Atmel expressly agrees in writing to that method of notice.

11. Inadvertent failure to designate any information "ATTORNEYS EYES ONLY – CONFIDENTIAL " pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within a reasonable time after the discovery of the inadvertent failure. At such time, arrangements shall be made for the designating party to substitute properly labeled copies. No party or its counsel shall be in violation of this Protective Order for disseminating, prior to receiving notice under this paragraph, any ATTORNEYS EYES ONLY – CONFIDENTIAL material not previously designated as such, provided that the receiving counsel takes immediate steps to recall and return or destroy all copies of the inadvertently disclosed materials to prevent further disclosure.

12. Any party may, after production of ATTORNEYS EYES ONLY – CONFIDENTIAL material under this Protective Order, object to its designation by notifying the designating party in writing of that objection and specifying the designated material to which the objection is made. Upon request, the objecting party shall provide a copy of the materials that are the subject of the objection. The parties shall, within fifteen (15) days of service of the written objections or the delivery of the copies whichever is later, confer concerning the objection. If the objection is not resolved, the objecting party may file and serve

STIPULATION AND PROTECTIVE ORDER RE THIRD PARTY CONFIDENTIAL DISCOVERY MATERIALS - 6 -

a noticed motion to resolve the dispute over the designation of the material as "ATTORNEYS EYES ONLY – CONFIDENTIAL" and the designating party shall bear the burden of proof that the material so designated is entitled to protection. If a motion is filed, information subject to the dispute shall be treated consistently with its designation, until such time as the Court rules that such material should not be treated as "ATTORNEYS EYES ONLY – CONFIDENTIAL" or should have some other protection.

13. If another a court or agency or other authorized entity subpoenas or orders production of ATTORNEYS EYES ONLY – CONFIDENTIAL Material that a party has obtained under the terms of this Protective Order, such party shall promptly notify the designating party of the existence of the subpoena or order and shall not produce ATTORNEYS EYES ONLY – CONFIDENTIAL Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect the material. **(See Addendum to Protective Order).**

14. This Protective Order shall not prevent any party from moving this Court upon noticed motion with notice given to the designating party for an order that ATTORNEYS EYES ONLY – CONFIDENTIAL Material may be disclosed in some manner other than this Protective Order otherwise would allow. This Protective Order is without prejudice to the right of any party to seek its modification from the Court. This Protective Order shall remain in effect until it is modified, amended or rescinded by the Court.

15. Any party seeking to use ATTORNEYS EYES ONLY – CONFIDENTIAL Material at trial, shall meet and confer with the designating party regarding the procedures appropriate for trial. Such conference shall take place at least thirty (30) days prior to the pre-trial conference, so that the parties may confer and then present any requested procedures to the Court.

16. This Court shall have continuing jurisdiction to modify, amend, enforce, **For a period of six months after the conclusion of all proceedings in this action,** interpret or rescind this Protective Order ~~notwithstanding the termination of this action~~.

17. At the conclusion of all proceedings in this action, whether by judgment, settlement or otherwise, all of ATTORNEYS EYES ONLY – CONFIDENTIAL Materials obtained in this action, all documents and notes containing, summarizing or otherwise derived

STIPULATION AND PROTECTIVE ORDER RE THIRD PARTY CONFIDENTIAL DISCOVERY MATERIALS - 7 -

1  from such materials, and all copies of any such material not on file with the Court shall be
2  returned to counsel for the designating party or else destroyed, except that counsel of record in
3  the this action may keep for its records one copy of any pleading, deposition, or deposition
4  exhibits marked "ATTORNEYS EYES ONLY – CONFIDENTIAL." Moreover, counsel of
5  record may retain one copy of all work product; provided, however, that any work product
6  containing or reflecting ATTORNEYS EYES ONLY – CONFIDENTIAL Material shall remain
7  subject to the terms of this Protective Order.

        18.    Within sixty (60) days following the conclusion of all proceedings in this action, counsel for any party shall certify to the designating party that such counsel has fully complied with the terms of paragraph 17.

Dated: September 12, 2006        NEWTON REMMEL

By: _____
    Stephen L. Newton
    Melissa A. Dubbs
    Attorneys for Plaintiff
    FEDERAL INSURANCE COMPANY

Dated: September 11, 2006        ZELLE, HOFMANN, VOELBEL, MASON & GETTE, LLP

By: _____
    Marc J. Shrake
    Attorneys for Defendant
    ST. PAUL FIRE AND MARINE
    INSURANCE COMPANY

Dated: September ____, 2006        BARGER & WOLEN LLP

By:_____
    Robert G. Levy
    Thomas R. Beer
    Attorneys for Counterclaim Defendant
    NATIONAL UNION FIRE INSURANCE
    COMPANY OF PITTSBURGH, PA

/////

STIPULATION AND PROTECTIVE ORDER RE THIRD PARTY CONFIDENTIAL DISCOVERY MATERIALS - 8 -

from such materials, and all copies of any such material not on file with the Court shall be returned to counsel for the designating party or else destroyed, except that counsel of record in the this action may keep for its records one copy of any pleading, deposition, or deposition exhibits marked "ATTORNEYS EYES ONLY – CONFIDENTIAL." Moreover, counsel of record may retain one copy of all work product; provided, however, that any work product containing or reflecting ATTORNEYS EYES ONLY – CONFIDENTIAL Material shall remain subject to the terms of this Protective Order.

18. Within sixty (60) days following the conclusion of all proceedings in this action, counsel for any party shall certify to the designating party that such counsel has fully complied with the terms of paragraph 17.

Dated: September _____, 2006          NEWTON REMMEL


By: _____
    Stephen L. Newton
    Melissa A. Dubbs
    Attorneys for Plaintiff
    FEDERAL INSURANCE COMPANY

Dated: September _____, 2006          ZELLE, HOFMANN, VOELBEL, MASON & GETTE, LLP


By: _____
    Marc J. Shrake
    Attorneys for Defendant
    ST. PAUL FIRE AND MARINE
    INSURANCE COMPANY

Dated: September  8 , 2006            BARGER & WOLEN LLP


By: ____[signature]_____
    Robert G. Levy
    Thomas R. Beer
    Attorneys for Counterclaim Defendant
    NATIONAL UNION FIRE INSURANCE
    COMPANY OF PITTSBURGH, PA

/////

STIPULATION AND PROTECTIVE ORDER RE THIRD PARTY CONFIDENTIAL DISCOVERY MATERIALS - 8 -

| | | |
|---|---|---|
| 1 | Dated: September _____, 2006 | ATMEL CORPORATION |
| 2 | | |
| 3 | | By: *CYNTHIA BRIGHT* |
| | | Its: *SR. LITIGATION COUNSEL.* |
| 4 | | |

**ORDER**

Pursuant to stipulation (as modified by the court),
∧ ~~For good cause appearing,~~ IT IS SO ORDERED.

Dated: September 18, 2006

_____
Magistrate Judge of the United States District Court
HOWARD R. LLOYD

STIPULATION AND PROTECTIVE ORDER RE THIRD PARTY CONFIDENTIAL DISCOVERY MATERIALS - 9 -

**EXHIBIT A**

# EXHIBIT A

## AGREEMENT REGARDING CONFIDENTIAL DISCOVERY MATERIAL

1. I, _____, have read a copy of the Stipulation and Protective Order ("Order") entered in Civil Case No. C 05-01878 JW in the United States District Court for the Northern District of California, concerning the confidentiality of certain discovery material.

2. I have had the meaning and effect of the Order explained to me by the persons providing me with ATTORNEYS EYES ONLY – CONFIDENTIAL Materials as that term is defined in the Order. I understand the terms and conditions of the Order.

3. I understand that, as provided in the Order, I may be permitted access to ATTORNEYS EYES ONLY – CONFIDENTIAL Material. I agree to abide by the terms and conditions set forth in the Order, including refraining from any further disclosure of any copies, excerpts, summaries or abstracts of such ATTORNEYS EYES ONLY – CONFIDENTIAL Material to anyone except as expressly provided in the Order. I further acknowledge and agree that all ATTORNEYS EYES ONLY – CONFIDENTIAL Material received by me shall be used only in connection with this litigation and shall be returned to counsel of record with whom I have consulted upon request or at the conclusion of the case.

4. I am not employed by or affiliated with any party in this action or any competitor of Atmel Corporation or other third party, _____.

5. I consent to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcing this Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____, at _____.

_____

STIPULATION AND PROTECTIVE ORDER RE THIRD PARTY CONFIDENTIAL DISCOVERY MATERIALS - 10 -

# ADDENDUM TO PROTECTIVE ORDER
Federal Ins. Co. v. St. Paul Fire & Marine Ins. Co.,
Case No. C05-01878 JW (HRL)

IT IS HEREBY ORDERED as follows:

<u>Paragraph 1: Designation of documents</u>

The designating party must take care to limit any such designation to specific material that qualifies under the appropriate standards and to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass or indiscriminate designations are prohibited.  Designations that are clearly shown to be unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions.

<u>Paragraph 13: Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>

The purpose of imposing this notice requirement is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a party in this action to disobey a lawful directive from another court.

1 | **5:05-cv-1878 Notice will be electronically mailed to:**

2 | Thomas R. Beer tbeer@barwol.com, vfoo@barwol.com; sf3@barwol.com; jlee@barwol.com

3 | Melissa A Dubbs mdubbs@newtonremmel.com, edresser@newtonremmel.com

4 | William Lee wlee@barwol.com, ntorres@barwol.com; mdimapasoc@barwol.com

5 | Stephen Newton efile@newtonremmel.com, snewton@newtonremmel.com

6 | Marc J. Shrake mshrake@zelle.com, vjames@zelle.com; ekimble@zelle.com; gpalanca@zelle.com; abedford@zelle.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.