UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota corporation, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIM. | Case No: C 05-01878 JW <br><br> **STIPULATION AND [PROPOSED] ORDER EXTENDING CERTAIN SCHEDULED DATES** |

1  Pursuant to Civil Local Rules 6-2 and 7-12, the parties hereto submit the following
2  Stipulation and [Proposed] Order Extending Certain Scheduled Dates:
3  **WHEREAS,**
4  1.  The above-entitled action was filed by Federal Insurance Company ("Federal")
5  against St. Paul Fire and Marine Insurance Company ("St. Paul") on May 6, 2005. A
6  counterclaim was filed by St. Paul against Federal and National Union Fire Insurance Company
7  of Pittsburgh, PA, ("National") on June 24, 2005.
8  2.  On July 12, 2006, this Court issued a Scheduling Order in this action which
9  essentially adopted the schedule set forth in the parties' Joint Case Management Statement and
10 Proposed Order without hearing. A true and correct copy of the Court's Scheduling Order is
11 attached hereto as Exhibit A.
12 3.  Federal and St. Paul each have provided certain written discovery in response to
13 mutual discovery requests, including the exchange of large document productions. Federal and
14 St. Paul also have engaged in correspondence raising certain issues related to these document
15 productions. Moreover, Cirrus Logic has produced a database exceeding 500 Giga Bytes. The
16 voluminous discovery has taken months to examine.
17 4.  On January 17, 2007, Federal requested by letter that St. Paul make available
18 certain St. Paul employees for deposition in St. Paul, Minnesota, on proposed deposition dates
19 from February 20 to February 23, 2007.
20 5.  St. Paul was unable to provide witnesses on these dates, but the parties expect to
21 be able to schedule the requested depositions on dates from March 27 to March 30, 2007. St.
22 Paul also has informed Federal that certain of the requested witnesses are no longer employed
23 by St. Paul but that counsel for St. Paul will represent these former employees at deposition.
24 Counsel for St. Paul has also agreed to accept service on behalf of such former employees.
25 6.  Given the delay in scheduling these depositions, the voluminous documents
26 exchanged in discovery, and the general protracted progression of this case to date, the parties
27 have agreed that certain of the dates scheduled in this action and set forth in the Scheduling
28

Order should be extended and rescheduled by six-weeks (forty-two days), and all the parties are willing to stipulate to such extensions.

7.   There have been no previous extensions of time requested in this action.

**NOW, THEREFORE,**

**IT IS HEREBY STIPULATED** that the following scheduled dates, which have not yet passed, should be extended and rescheduled by six-weeks (forty-two days), or as soon thereafter as permitted by the Court, as follows:

- The Preliminary Pretrial Conference and Trial Setting Conference shall be scheduled for Monday, **December 3, 2007** (formerly October 22, 2007).
- Preliminary Pretrial Conference Statements shall be due **November 23, 2007** (formerly October 12, 2007).
- Last Date for Hearing Dispositive Motions shall be **October 22, 2007** (formerly September 10, 2007).
- Close of Discovery shall be **August 24, 2007** (formerly July 13, 2007).
- All associated dates set forth in the Scheduling Order, which have not yet passed, including expert witness disclosures, expert witness reports, expert witness objections, and rebuttal expert witness disclosures, are also extended and rescheduled by six-weeks (forty-two days).
- The last day to have a private mediation shall be **May 23, 2007** (formerly April 11, 2007).

**IT IS SO STIPULATED.**

Dated: February 26, 2007                    NEWTON REMMEL

By: _____
Stephen L. Newton
Gabriel G. Gregg
Attorneys for Plaintiff and Counterclaim Defendant
FEDERAL INSURANCE COMPANY

Dated: February 26, 2007

ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP

By: /s/ Marc J. Shrake
Marc J. Shrake
Georgiana V. Palanca
Attorneys for Defendant and Counterclaimant
ST. PAUL FIRE AND MARINE INSURANCE COMPANY

Dated: February ___, 2007

BARGER & WOLEN LLP

By: _____
Thomas Beer
Attorneys for Counterclaim Defendant
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

## ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

February 27, 2007

/s/ James Ware
JAMES WARE
United States District Judge
STIPULATION AND [PROPOSED] ORDER RE SCHEDULED DATES - 4 -

Dated: February ___, 2007

ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP

By: _____
Marc J. Shrake
Georgiana V. Palanca
Attorneys for Defendant and Counterclaimant
ST. PAUL FIRE AND MARINE INSURANCE COMPANY

Dated: February 23, 2007

BARGER & WOLEN LLP

By: *[signature: Thomas R. Beer]*
Thomas Beer
Attorneys for Counterclaim Defendant
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

## ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

February ___, 2007

_____
JAMES WARE
United States District Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Federal Insurance Co., | No. C 05-01878 JW |
| Plaintiff, | **SCHEDULING ORDER** |
| v. | |
| St. Paul Fire & Marine Ins. Co., | |
| Defendant. | |

Upon filing, this case was scheduled for a case management conference on July 17, 2006. Pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, the parties conferred and duly submitted a Joint Case Management Statement and Proposed Order. Based on their joint submission, it appears that a schedule for the case can be set without the necessity of an appearance at this time. Accordingly, the case management conference is cancelled and the parties are ordered to comply with the following schedule:

<u>Case Schedule</u>

| | |
|---|---|
| **Preliminary Pretrial Conference and Trial Setting Conference (¶ 12)** | October 22, 2007 |
| **Preliminary Pretrial Conference Statements Due** *(10 days before conference)* **(¶ 11)** | October 12, 2007 |

| | |
|---|---|
| **Last Date for Hearing Dispositive Motions (¶ 10)** *(42 days before Preliminary Pretrial Conference)* | September 10, 2007 |
| **Close of Discovery (¶ 9)** | July 13, 2007 |
| **Deadline for parties to contact Court's ADR Program to select and schedule ADR procedure (¶ 15)** *(15 days after the date of this Order)* | July 27, 2006 |

None of the dates set in this order may be changed without an order of the court made after a motion is duly filed and made pursuant to the local rules of this court.

### Standing Order to Lodge Printed Copy of "ECF" Papers

1. In all cases, including cases covered by the Electronic Case Filing System of the Court "ECF," when filing papers in connection with any motion or any pretrial conference, in addition to filing the paper electronically, the filing parties shall lodge with the Clerk's Office a printed copy of the papers, in an envelop clearly marked "Chamber's Copy – Lodged for the Chambers of Judge James Ware." The "Chamber's Copy" envelop must state the case name and case number and be delivered on or before the close of the next court day following the day the papers are filed electronically. See Standing Order Regarding Case Management in Civil Cases.

### Compliance with Discovery Plan and Reference to Magistrate Judge

2. The Court adopts the Discovery Plan proposed by the parties in their Joint Case Management Statement. The parties are ordered to comply with the discovery plan. Any disputes with respect to the implementation of the discovery plan and all disclosure or discovery disputes are referred to the assigned Magistrate Judge. In addition, any disputes pertaining to service or joinder of parties or claims are referred to the assigned Magistrate Judge.

### Document Management During Pretrial Discovery and Electronic Evidence Presentation

3. This Court has available a digital and video electronic evidence presentation system. Before commencement of pretrial discovery, the parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous documentary. If so, as the parties identify documentary material which is likely to be used as trial

2

exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1: 100,000-299,999; Defendant #2: 300,000-500,000).

### Disclosure of Expert Witnesses

4. Any party wishing to present expert witness testimony with respect to a claim or a defense shall lodge with the Court and serve on all other parties the name, address, qualifications, résumé and a written report which complies with Fed.R.Civ.P. 26(a)(2)(B) **63 days before close of discovery.** Expert witness disclosure must be made with respect to a person who is either (a) specially retained or specially employed to provide expert testimony pursuant to Fed.R.Evid. 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

5. The parties are also required to lodge any supplemental reports to which any expert will testify at trial in accordance with Fed.R.Civ.P. 26(a)(2)(B).

6. Any party objecting to the qualifications or proposed testimony of an expert must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than **42 DAYS AFTER BOTH EXPERT AND REBUTTAL EXPERT DISCLOSURES ON A MONDAY (LAW AND MOTION DAY) at 9:00 a.m.** and preferably before or on the same day as the discovery cutoff date at 9:00 a.m.

### Rebuttal Expert Witnesses

7. If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal

3

expert shall make the disclosures required by Fed.R.Civ.P. 26(a)(2)(B), no later than **49 days prior to discovery cutoff.**

### Limitation on Testimony by Expert Witnesses

8. Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition. Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

### Close of Discovery

9. Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure, depositions of fact witness and expert witnesses, must be completed on or before the deadline set forth in the Case Schedule above.

### Last date for Hearing Dispositive Motions

10. The last day for hearing dispositive motions is set forth in the Case Schedule above. Any motions must be noticed in accordance with the Civil Local Rules of this Court.

### Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order

11. The attorneys who will try the case are ordered to confer with one another and to file and lodge with Chambers on or before the deadline set forth in the Case Schedule above a Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their readiness for trial, the amount of time which the Court should allocate for trial and the calendar period for the trial.

12. The attorneys who will try the case are ordered to appear on the date set in the Case Schedule at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

13. With respect to the time allocation for trial, at the Preliminary Pretrial and Trial Setting Conference trial counsel will be asked to stipulate to a time allocation to each side for

1 the trial of the case. Once a stipulated allocation has been entered, the parties must plan their presentations to conform to the stipulated time allocation.

14. With respect to the calendar period for trial, based on the time allotted to the case, a calendar period for trial will be set. In the event it becomes necessary to delay the start of trial because of the Court's calendar, the commencement date will trail from day-to day until the other matter is concluded or further order of the Court.

### Alternative Dispute Resolution

15. The parties are referred to the Court's ADR Program at (415) 522-2199. No later than the deadline set forth in the Case Schedule, the parties shall contact the ADR Program **or** the designated Magistrate Judge to schedule a conference.

| | |
|---|---|
| Magistrate Judge Patricia V. Trumbull: | Corinne Lew (408) 535-5378 |
| Magistrate Judge Richard Seeborg: | Bernadette Kunkel (408) 535-5357 |
| Magistrate Judge Howard R. Lloyd: | Patty Cromwell (408) 535-5365 |

Dated: July 12, 2006

_____
JAMES WARE
United States District Judge

THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

Marc J. Shrake mshrake@zelle.com
Melissa A Dubbs mdubbs@newtonremmel.com
Stephen Newton efile@newtonremmel.com
Thomas R. Beer tbeer@barwol.com
William Lee wlee@barwol.com

Dated: July 12, 2006                    Richard W. Wieking, Clerk

                                        By:  /s/ JW Chambers
                                             Melissa Peralta
                                             Courtroom Deputy

G:\JWALL\schedulingORDER\CIVIL\2006schedulingorders\05cciv1878schedorder.wpd

United States District Court
For the Northern District of California