IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Federal Insurance Co., | NO. C 05-01878 JW |
|       Plaintiff,<br>  v.<br>St. Paul Fire & Marine Ins. Co.,<br>      Defendant. | **ORDER REQUIRING FURTHER DOCUMENTATION; SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS** |

Presently before the Court is St. Paul Fire & Marine Insurance Company's ("Defendant") Objections to Federal Insurance Company's ("Plaintiff") Bill of Costs. (hereafter, "Objections," Docket Item No. 186.) Defendant contends that Plaintiff's Bill of Costs lacks the supporting evidence required by law and that certain of Plaintiff's claimed costs are not taxable. (Objection at 1.) On December 14, 2010, the Court entered Final Judgment in favor of Plaintiff against Defendant. (See Docket Item No. 181.) On December 22, 2010, Plaintiff filed an Amended Bill of Costs with the Clerk of Court. (See Docket Item No. 185.)

Federal Rule of Civil Procedure 54 provides that "costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(c). In addition, Civil Local Rule 54-1 provides that no later than 14 days after entry of judgment, a prevailing party claiming costs must serve and file a bill of costs with "[a]ppropriate documentation to support each item claimed." Civ. L.R. 54-1(a). The Bill of Costs form requires that parties "attach . . . an itemization and documents for requested costs in all categories." See Bill of Costs: U.S. District Court for the Northern District of California.

In addition, certain categories of costs are limited. See Civ. L.R. 54-3. For example, "reporters' transcripts" are recoverable in only two categories: (1) transcripts necessarily obtained for appeal; and (2) transcripts of a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel. Civ. L.R. 54(b)(1)-(2). "The cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recovered by counsel." Civ. L.R. 54-3(b)(3). Further, no witness expenses, including fees for experts, are allowable beyond "*per diem*, subsistence and mileage payments for witnesses . . . to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." Civ. L.R. 54-3(e). In addition, "the cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." Civ. L.R. 54-3(d)(2).

Here, Plaintiff submitted a Bill of Costs with categories of costs, such as "fees and disbursements for printing" and "fees for printed or electronically recorded transcripts necessarily obtained for use in the case," which totaled $18,745,28.[1] Plaintiff attached a spreadsheet to the Bill of Costs that itemized its costs according to category and provided a short description of each cost. (See id.) However, Plaintiff did not provide any documentation to support each cost claimed as required by Civil Local Rule 54-1(a) and the Bill of Cost form itself. (Id.) Thus, Defendant objects to the Bill of Costs on the ground that Plaintiff failed to provide supporting documentation. (Objections at 2.) In addition, Defendant objects to costs claimed by Plaintiff within three categories in the Bill of Costs on the grounds that they are not permitted by the Local Rules: (1) $61.00 in fees

---

[1] (See Docket Item No. 185.) The itemization in the Bill of Costs includes:

| | |
|---|---|
| Fees of the Clerk | $ 250.00 |
| Fees for service of summons and subpoena | $ 40.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $ 2,819.40 |
| Fees and disbursements for printing | $ 13,380.28 |
| Fees for witnesses | $ 819.00 |
| Costs as shown on Mandate of Court of Appeals | $ 1,436.60 |

2

for transcripts;[2] (2) $7,533.08 in fees and disbursements for printing;[3] and (3) $78.00 in fees for witnesses.[4] (Objections at 2-5.)

The Court finds that Plaintiff has not sufficiently complied with the requirements of Civil Local Rule 54-1(a) and the Bill of Costs form. Plaintiff has provided no documentation beyond a simple itemization to support its Bill of Costs. Accordingly, the Court SUSTAINS Defendant's objection to Plaintiff's Bill of Costs. On or before **February 4, 2011**, Plaintiff shall submit to the Clerk of Court an amended Bill of Cost form with detailed itemization and supporting documentation in accordance with the terms of this Order.

Dated: January 19, 2011

JAMES WARE
United States District Chief Judge

---

[2] The Court finds that the $61.00 claimed as the cost for the transcript of the hearing before Judge Komar is not allowable under Civil Local Rule 54-3(b) or the Bill of Costs as a fee for transcripts necessarily obtained for use in the case. Thus, the Court SUSTAINS Defendant's objection to Plaintiff's tax of this cost.

[3] The Court is not satisfied with Defendant's conclusory argument that Plaintiff's taxation of costs for fees and disbursements for printing does not fall under Civil Local Rule 54-3(d)(2) as "cost[s] of reproducing disclosure or formal discovery documents when used for any purpose." Thus, the Court OVERRULES Defendant's objection, without prejudice to renew after Plaintiff files an Amended Bill of Costs with supporting documentation.

[4] The Court finds that the $78.00 claimed for service of a subpoena is not allowable under Civil Local Rule 54-3(e) as a witness expense. However, the Court notes that this is a cost for service of a subpoena which may be recoverable under Civil Local Rule 54-3(a)(2). Thus, the Court SUSTAINS Defendant's objection, without prejudice to the right of Plaintiff to claim the cost as a fee for service of summons and subpoena in Plaintiff's Amended Bill of Costs.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Marc J. Shrake mshrake@ssd.com
Melissa A Dubbs mdubbs@ccplaw.com
Stephen Lynn Newton efile@newtonremmel.com
Thomas R. Beer tbeer@barwol.com
William Lee wlee@barwol.com

**Dated:  January 19, 2011**                                    **Richard W. Wieking, Clerk**

                                                                **By:      /s/ JW Chambers              **
                                                                        **Elizabeth Garcia**
                                                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California